**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

KASIM BARUS,

         Petitioner,

    v.

ERIC H. HOLDER Jr., Attorney General,

         Respondent.

No. 07-73299

Agency No. A078-020-230

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

    Kasim Barus, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's

decision denying his application for asylum, withholding of removal, and

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

KN/Research

protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), we deny the petition for review.

Barus does not raise any arguments in his opening brief regarding the agency's dispositive determination that his asylum claim was time-barred. *See Martinez-Serrano v. INS,* 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

Substantial evidence supports the BIA's finding that neither Barus nor his family suffered harm nor received threats. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (petitioner's experiences not so severe as to compel a finding of past persecution). In addition, Barus failed to demonstrate a clear probability of future harm. *See id.* at 1185 (evidence did not compel a finding that it is more probable than not that applicant would be persecuted); *Lolong v. Gonzales*, 484 F.3d 1173, 1179-80 (9th Cir. 2007) (objective well-founded fear not established because applicant made a general, undifferentiated claim). Finally, the record does not compel a finding of a pattern or practice of persecution. *See Wakkary*, 558 F.3d at 1061. Accordingly, Barus' withholding of removal claim fails. Substantial evidence also supports the agency's denial of CAT relief because Barus

failed to establish that it is more likely than not he will be tortured in Indonesia.

*See id.* at 1067-68.

**PETITION FOR REVIEW DENIED.**